# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

| | |
|---|---|
| KAY DIANE ANSLEY, ET AL., | : |
| Plaintiffs, | : CIVIL ACTION |
| v. | : 1:16-CV-00054-MOC-DLH |
| MARION WARREN, in his Official Capacity as Director of the North Carolina Administrative Office of the Courts, | : DISTRICT JUDGE MAX O. COGBURN, JR. |
| | : MAGISTRATE JUDGE DENNIS L. HOWELL |
| Defendant, | : |
| and | : |
| BRENDA BUMGARNER, individually and on behalf of other similarly situated Jane and John Doe Magistrate Judges, | : |
| Proposed Intervenor-Defendant. | : |

## MOTION TO INTERVENE

Pursuant to Federal Rule of Civil Procedure 24, North Carolina Magistrate Judge Brenda Bumgarner ("Bumgarner"), on behalf of herself and other similarly situated Jane and John Doe Magistrate Judges (collectively, "Magistrates")[1], by and through her undersigned counsel, hereby

---

[1] As indicated, this motion is being filed individually and on behalf of a proposed class of similarly situated Magistrates, some of whom may be willing to reveal their identity(ies) and others whom may desire to proceed in this action under a pseudonym to protect their identity(ies) for fear of harassment, intimidation, retaliation, termination of their position or retaliatory failure to re-appoint them to another term as a Magistrate based upon their decision to exercise their statutory right of recusal from performing marriages.

moves to intervene in the above-referenced case on the side of Defendant Marion Warren ("Defendant" or "Warren"), by right or, alternatively, by the Court's permission.[2]

As set forth in the accompanying memorandum of law, which is incorporated by reference here, Bumgarner and other similarly situated Magistrates satisfy the requirements for intervention as of right under Federal Rule of Civil Procedure 24(a) because they stand to gain or lose by this Court's judgment on this challenge to the constitutionality of Senate Bill 2, and their rights and interests are not adequately represented in this lawsuit. This application to intervene is indisputably timely since the Defendant has not even responded to Plaintiffs' Complaint. Also, Bumgarner and other similarly situated Magistrates possess sufficiently protectable interests in the subject matter of this litigation because they are the direct and intended beneficiaries of Senate Bill 2, and, upon exercising the recusal rights provided thereunder, now hold property interests in this statutory benefit. These rights and interests may be impaired and impeded by this Court's judgment in this matter, depending on the outcome. However, Bumgarner's (and other Magistrates') interests are not adequately represented in this matter by the Defendant in his official capacity, because his attorney, the North Carolina Attorney General, has publicly declared on several occasions that he is personally adverse to Senate Bill 2. In addition, the Attorney General is currently running for governor and he has publicly stated that if he were governor, he would veto Senate Bill 2. Further, Bumgarner filed a lawsuit against the Defendant's office to protect her sincerely held religious beliefs on this very matter, which was only voluntarily dismissed after the enactment of Senate Bill 2. As a result, Bumgarner's individual and constitutional interests are directly and substantially

---

[2] This motion to intervene was originally filed in the case of *Kay Diane Ansley, et al. v. State of North Carolina*, No. 1:15-cv-00274 (W.D.N.C.), a nearly identical lawsuit filed with this Court and voluntarily dismissed by Plaintiffs on March 7, 2016. The Court made no ruling on Bumgarner's prior motion to intervene as briefing was not yet completed on that motion when Plaintiffs dismissed the lawsuit.

2

adverse to the Defendant and the declared position of the Attorney General, the primary defender of Senate Bill 2 in this litigation.

But even if Bumgarner may not intervene as of right, this Court should nonetheless permit Bumgarner to intervene because the issues, claims and defenses raised by Bumgarner and other similarly situated Magistrates share a common question of law with this action, and will not cause undue delay or prejudice to the existing parties. In fact, as the real beneficiaries of Senate Bill 2, Bumgarner's (and other Magistrates') participation will assist the Court in its review and consideration of the sufficiency of Plaintiffs' Complaint under Rule 12 and, if Plaintiffs' Complaint survives the pleading stage, the constitutionality of Senate Bill 2.

In accordance with this Court's Local Rules, the undersigned counsel for Bumgarner contacted counsel for Plaintiffs and Defendant regarding their respective positions on Bumgarner's request to intervene in this lawsuit. Counsel for Plaintiffs represented that Plaintiffs would oppose any such request. Counsel for the Defendant Marion Warren represented that the Defendant neither objects nor consents to the intervention request.

Pursuant to Federal Rule of Civil Procedure 24(c), Bumgarner's proposed motion to dismiss Plaintiffs' Complaint is being contemporaneously filed herewith to accompany Bumgarner's motion to intervene. A proposed order and a declaration from Bumgarner are also being submitted with this motion.

WHEREFORE, North Carolina Magistrate Judge Brenda Bumgarner, individually and on behalf of other similarly situated Magistrates, respectfully requests that this Court enter an order allowing her to intervene in the above-referenced case on the side of the Defendant Marion Warren, and to take such other and further actions are appropriate.

DATED: March 10, 2016

/s/ Jonathan D. Christman
Horatio G. Mihet*
Jonathan D. Christman*
Liberty Counsel
P.O. Box 540774
Orlando, Florida 32854
Tel: (407) 875-1776
Fax: (407) 875-0770
hmihet@lc.org
jchristman@lc.org
*Motion for pro hac vice admission pending*

Respectfully submitted:

/s/ Stuart D. Sloan
Stuart D. Sloan
Kenney Sloan & VanHook, PLLC
111 Heritage hollow Drive
Franklin, NC 28734
Tel: (828) 276-1177
Fax: (828) 276-1178
stu@ksvlaw.com

*Attorneys for Brenda Bumgarner*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed via the Court's ECF filing system and therefore service will be effectuated by the Court's electronic notification system upon all counsel or parties of record:

S. Luke Largess
Jacob H. Sussman
John W. Gresham
TIN FULTON WALKER & OWEN, PLLC
301 East Park Avenue
Charlotte, NC 28203
llargess@tinfulton.com
jsussman@tinfulton.com
jgresham@tinfulton.com

Katherine Lewis Parker
TIN FULTON WALKER & OWEN, PLLC
1213 Culbreth Drive
Wilmington, NC 28405
kparker@tinfulton.com

Meghann Burke
BRAZIL & BURKE, P.A.
77 Central Avenue, Suite E
Asheville, NC 28801
meghann@brazilburkelaw.com

*Attorneys for Plaintiffs*

I further certify that a true and correct copy of the foregoing will be sent via e-mail to the following attorneys in the Office of the Attorney General for the State of North Carolina:

Olga E. Vysotskaya de Brito
Amar Majmundar
Special Deputy Attorney General
N.C. Department of Justice
P.O. Box 629
Raleigh, NC 27602
ovysotskaya@ncdoj.gov
amajmundar@ncdoj.gov

*Attorneys for Defendant Marion Warren*

DATED: March 10, 2016 /s/ Stuart D. Sloan  
Stuart D. Sloan  
*Attorney for Brenda Bumgarner*