# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:16cv54

| KAY DIANE ANSLEY, et al., | ) |  |
|---|---|---|
| Plaintiffs, | ) |  |
| v. | ) | ORDER |
| MARION WARREN, | ) |  |
| Defendant. | ) |  |

Pending before the Court are the Motions to Intervene [# 8, # 12, & # 19]. Plaintiffs brought this action challenging the constitutionality of Senate Bill 2, which allowed Magistrates in North Carolina to recuse themselves from performing marriages based on their religious beliefs. Movants Brenda Bumgarner, Gayle Myrick, Thomas Holland, Phil Berger, and Tim Moore (collectively, "Movants") move to intervene in this action. Upon a review of the record, the parties' pleadings, and the relevant legal authority, the Court **DENIES** the motions [# 8, # 12, & # 19].

## I. Background

Plaintiffs Ansley and McGaughey are North Carolina citizens. (Pls.' Compl. ¶ 1.) The two women were married on October 14, 2014. (Id.) Plaintiffs Carol

Person and Thomas Person are also North Carolina citizens. (Id. ¶ 2.) In 1976, two Magistrates in North Carolina refused to marry the Persons because of the Magistrates' religious views of interracial marriage. (Id.) Plaintiffs Penn and Goodman are engaged, North Carolina residents who wish to be married by a Magistrate. (Id. ¶ 2.) Defendant is the Director of the North Carolina Administrative Office of the Courts, which manages the administrative services for North Carolina's judiciary. (Id. ¶ 4.)

On June 11, 2015, the North Carolina legislature enacted legislation commonly referred to as Senate Bill 2. (Id. ¶¶ 55, 71.) One part of Senate Bill 2 was the enactment of N.C. Gen. Stat. § 51-5.5, which provides that a Magistrate "has the right to recuse from performing all lawful marriages under this Chapter based upon any sincerely held religious objection." N.C. Gen. Stat. § 51-5.5(a). Senate Bill 2 also amended N.C. Gen. Stat. § 14-230 to provide that a Magistrate who properly recuses from performing marriages under Section 51-5.5 may not be charged for willfully failing to discharge his or her duties and removed from office. N.C. Gen. Stat. § 14-230(b).

After the enactment of Senate Bill 2, Plaintiffs brought this action challenging its constitutionality on a number of grounds. Subsequently, a number of individuals moved to intervene in this case pursuant to Rule 24 of the Federal

Rules of Civil Procedure. Movants include a Magistrate who recused from performing lawful marriages pursuant to Section 51-5.5(a) and two former Magistrates who resigned their positions because, based on their religious beliefs, they were unwilling to perform marriage ceremonies for same-sex couples. In addition, President Pro Tempore of the North Carolina Senate Phil Berger and Speaker of the North Carolina House of Representatives Tim Moore move to intervene on behalf of the North Carolina General Assembly. Movants Berger, Moore, and Bumgarner filed proposed motions to dismiss with their Motions to Intervene. Movants Myrick and Holland filed a proposed answer to the Complaint.

On May 5, 2016, Defendant moved to dismiss the Complaint on a number of grounds. The District Court set a hearing on the Motion to Dismiss and referred the Motions to Intervene to this Court. As such, the Motions to Intervene are properly before this Court for resolution.

**II.  Legal Analysis**

Rule 24 of the Federal Rules of Civil Procedure sets forth two mechanisms for an individual to intervene in a case – intervention of right and permissive intervention. An individual is entitled to intervene as of right where he or she is given an unconditional right to intervene by a federal statute or "claims an interest relating to the property or transaction that is the subject of the action, and is so

situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). Pursuant to the doctrine of permissive intervention, the Court may allow an individual to intervene if the individual is provided a conditional right to intervene by a federal statute or the individual "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). The Court may allow a state governmental officer or agency to intervene where a party's claim or defense is based on "a statute or executive order administered by the officer or agency" or "any regulation, order, requirement, or agreement issued or made under the statute or executive order." Fed. R. Civ. P. 24(b)(2). Movants move to intervene on both grounds.

### A. Intervention of Right

The United States Court of Appeals for the Fourth Circuit has set forth several factors for courts to consider in determining whether an individual is entitled to intervention as a matter of right. See Stuart v. Huff, 706 F.3d 345, 349 (4th Cir. 2013). In order to intervene as of right the movant must demonstrate: "(1) an interest in the subject matter of the action; (2) that the protection of this interest would be impaired because of the action; and (3) that the applicant's interest is not adequately represented by existing parties to the litigation." Teague

v. Bakker, 931 F.2d 259, 260-61 (4th Cir. 1991).

When a party challenges a State statute and the proposed intervenor shares the same overall objective as the State, however, the proposed intervenor must mount a strong showing of inadequacy. Stuart, 706 F.3d at 352; see also Lee v. Virginia State Bd. Elections, Civil Action No. 3:15CV357-HEH, 2015 WL 5178993, at *2 (E.D. Va. Sept. 4, 2015) (applying Stuart in the context of a motion to intervene filed by a senator and county election officials.) As the Fourth Circuit explained in Stuart, "it is among the most elementary functions of a government to serve in a representative capacity on behalf of its people. In matters of public law litigation that may affect great numbers of citizens, it is the government's basic duty to represent the public interest." 706 F.3d at 351. And it is the role of the North Carolina Attorney General "to appear for and to defend the State or its agencies in all actions in which the State may be a party or interested." Martin v. Thornburg, 320 N.C. 533, 546 (N.C. 1987); see also N.C. Gen. Stat. § 114-2.

Here, the North Carolina Department of Justice ("N.C. Department of Justice") is representing the State by aggressively defending this action on behalf of Defendant. Defendant and Movants also share the same overall objective in this dispute, defending the constitutionality of Senate Bill 2. Moreover, the Court finds no reason to conclude at this stage of the proceedings that Movants interests are

not adequately represented by Defendant and the N.C. Department of Justice. In fact, Defendant has moved to dismiss the Complaint on a number of grounds. It is clear from the record that Defendant is aggressively defending this action on behalf of the State. The fact that the individual Magistrates for whom Senate Bill 2 was designed to protect might have very strong and specific interests in the outcome of this case does not mean that their interests are adverse to that of the State. As the Fourth Circuit explained in Stuart:

> stronger, more specific interest do not adverse interest interests make – and they surely cannot be enough to establish inadequacy of representation since would-be intervenors will nearly always have intense desires that are more particular than the state's (or else why seek party status at all). Allowing such interests to rebut the presumption of adequacy would simply open the door to a complicating host of intervening parties with hardly a corresponding benefit.

706 F.3d at 353. The Court finds that Movants have failed to demonstrate that their interests are not adequately represented and have not demonstrated nonfeasance on the part of the Attorney General or the N.C. Department of Justice. Movants are not entitled to intervention as of right, and the Court **DENIES** the Motions to Intervene to the extent they seek intervention as of right. The Court notes, however, that Movants may renew their motions at a later date if it becomes apparent at some point in the future that the State no longer intends to defend the constitutionality of Senate Bill 2.

### B. Permissive Intervention

In deciding whether to allow permissive intervention, the Court must consider whether allowing the movants to intervene in this this case will unduly delay the adjudication of this dispute. Fed. R. Civ. P. 24(b)(3). The Court finds that allowing the Movants to intervene in this case at this time would needlessly prolong and complicate this litigation, including discovery, and delay the final resolution of the case. Currently, the N.C. Department of Justice is zealously defending this case on behalf of the State. The Court sees no benefit from allowing additional government actors represented by outside counsel to intervene in the case and defend the constitutionality of Senate Bill 2. Moreover, Movants may seek leave to file an *amicus curiae* brief in this Court if they wish to set forth their legal contentions as to Senate Bill 2. Accordingly, the Court **DENIES** the Motions to Intervene to the extent they seek permissive intervention.

### III. Conclusion

The Court **DENIES** the Motions to Intervene [# 8, # 12, & # 19]. The Court, however, will allow Movants to renew their motions at a later date if the District Court allows this case to go forward and the State indicates that it no longer intends to defend the constitutionality of Senate Bill 2.

Signed: July 7, 2016

Dennis L. Howell
United States Magistrate Judge

